UNITED STATES of America,
Plaintiff–Appellee,

v.

Warren W. TAYLOR, and Beulah P. Taylor, Defendants–Appellants.

No. 80-1131
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 10, 1980.
Rehearing Denied Jan. 30, 1981.

William E. Palmer, Dallas, Tex., for defendants–appellants.

Richard B. Vance, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff–appellee.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This suit involves a judgment that the United States obtained against appellant Warren Taylor and another for the unpaid balance on a promissory note that the Small Business Administration (SBA) had guaranteed. Although not raised by the parties, the dispositive issue in this case is whether an appeal properly lies before this Court. As explained below, this Court finds that it lacks jurisdiction to review the district court's judgment.

On July 14, 1976, the United States obtained judgment against appellant Warren Taylor and John E. Palmer, Jr., for the unpaid balance on a promissory note that the SBA had guaranteed. Learning that these two purchased cashier's checks and deposited them into the separate account of appellant Beulah Taylor, the United States filed this suit to obtain that money, to enjoin the appellants from withdrawing the money, and to garnish the bank account.

The district court granted a temporary restraining order, but after a hearing on August 8, 1977, it denied the preliminary injunction. By counterclaim filed on November 11, 1977, and as amended on March 16, 1979, appellants contended that the suit was brought for harassment; that the U.S. Marshal who served process on Beulah Taylor abused his authority and committed wrongful and negligent acts by frightening her when the Government knew she was in poor health; that their credit standing was injured and checks were returned to her creditors; that Warren Taylor's claims against the SBA were jeopardized; that Warren Taylor lost his connubial relation-

ship with his wife; and that the SBA breached its contract by refusing to issue lease guaranty policies. On April 19, 1975, appellants moved to join the SBA as a party.

The Government on December 27, 1977, and again on September 18, 1979, moved for dismissal, or alternatively summary judgment, with respect to the counterclaim. The district court judge on December 7, 1979, denied the motion to join the SBA and granted the Government's second motion to dismiss the counterclaim. The court held that the United States was immune to suit on the counterclaims; that the Government had the right to file the lawsuit; that process was validly issued and served; that Texas law did not recognize a cause of action for the alleged negligent acts; and that the counterclaim against the SBA was not compulsory and should have first been submitted to the General Accounting Office.

Appellants filed notice of appeal from this order on February 5, 1980. On February 19, 1980, the United States moved to dismiss its original cause of action. The motion was granted and the action was dismissed on the same date. No notice of appeal was filed.

■ The appellants filed notice of appeal from the December 7, 1979, order denying joinder and dismissing their counterclaims. Unfortunately, the December 7, 1979, order is an interlocutory order rather than a final order. *Johnson v. McDole*, 526 F.2d 710 (5th Cir. 1976) (counterclaim); *Fowler v. Merry*, 468 F.2d 242 (10th Cir. 1972) (motion to join parties); *Bush v. United Benefit Fire Ins. Co.*, 311 F.2d 893 (5th Cir. 1963) (counterclaim). This Court lacks jurisdiction over an appeal from such an order unless the district court judge certifies that there is no just reason for delay and expressly directs entry of the limited judgment in accordance with Fed.R.Civ.Pro. 54(b). The judgment thus lacks the requisite finality to be appealable within the meaning of 28 U.S.C.A. § 1291.

■ Appellants failed to file a notice of appeal from the February 19, 1980, judgment that made the counterclaim dismissal and joinder denial a final and thus appealable decision. Under Fed.R.App.Pro. 4(a), and 28 U.S.C.A. § 2107, this Court lacks jurisdiction to review the final judgment. Nor does that final judgment retroactively validate the premature notice of appeal. *See Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1169 (5th Cir. 1978).

Despite the more liberal procedural rules for federal courts, when jurisdiction is involved, errors can be fatal. Therefore, this Court finds that it lacks jurisdiction to hear this appeal.

APPEAL DISMISSED.