**GENERAL TELEVISION ARTS, INC.,
Defendant-Appellant,**

v.

**SOUTHERN RAILWAY COMPANY,
Plaintiff-Appellee.**

**No. 83–7054.**

United States Court of Appeals,
Eleventh Circuit.

March 2, 1984.

 

Eugene D. Martenson, Birmingham, Ala., for defendant-appellant.

Larry B. Childs, Birmingham, Ala., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This is an appeal from a summary judgment issued by the United States District Court for the Northern District of Alabama. Because we find ourselves without jurisdiction, we dismiss the appeal.

The appellant, General Television Arts, Inc. ("GTA"), intended to produce a Wrangler Jeans advertisement for which it required an old-fashioned steam locomotive. GTA negotiated an agreement with Southern Railway Company ("Southern") whereby GTA would rent a locomotive and crew for two days of filming at a cost of $6,000. The rental agreement was contained in a two-page letter from an assistant to the president of Southern, James Bistline, to Harold Ceasar of GTA. Among its provisions was the following:

It is understood and agreed that Southern shall not be held liable for or on account of any injury or death of employees of either company, or for or on account of any injury to the person or property of any other individual or individuals, company or companies, corporation or corporations whatsoever, which may be incurred or sustained by reason of or growing out of the subject matter of this letter agreement or otherwise, it being understood and agreed that *all risk of loss,* damage, injury and death shall be and is hereby assumed by [GTA] and said [GTA] shall and will protect, indemnify, defend and hold harmless Southern Railway from and against all claims for such loss, damage, injury or death. . . .

(emphasis supplied).

The first day of shooting was completed and the Southern crew returned the locomotive to the railyard. Upon entering the yard, the crew ran the locomotive into another engine, which was standing in the yard. Extensive damage to both engines and injury to two Southern employees resulted. It is assumed that the accident occurred while the locomotives were under the sole control of Southern and was entirely due to Southern's negligence.

Southern filed this suit in the Northern District of Alabama seeking indemnity from GTA. Jurisdiction was based on diversity. 28 U.S.C.A. § 1332. Southern sought a declaration requiring GTA to indemnify it for damages suffered in the action as well as monetary damages to cover payments that Southern had made to settle third party claims. GTA filed a motion for summary judgment along with an affidavit of Harold Ceasar, which outlined the facts surrounding the accident and the execution of the contract as well as his understanding of the intent and scope of the contract.

On November 9, 1982, the district court entered a partial summary judgment in favor of Southern on the question of liability under the indemnity clause of the agreement and struck the affidavit of Mr. Ceasar. Next day, the court entered an order to that effect, which further ordered "that this cause proceed to trial on the issue of

damages." On November 22, 1982, GTA moved the court to make the partial summary judgment a "Final Summary Judgment pursuant to Rule 54(b) F.R.C.P."[1] so that GTA could perfect an immediate appeal to this Court. On December 23, 1982, the district court entered an order denying GTA's request for entry of a Rule 54(b) final judgment, concluding that under the terms of that rule it could not designate a partial summary judgment on the issue of liability "final". Instead, the court certified its November 10 order for an interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b).[2]

On January 19, 1983, GTA filed a "Notice of Appeal" in the district court, which purported to appeal "from the Final Judgment and Order entered on December 23, 1982, and the previous non-final Order of November 9, 1982, entered by [the district judge] which was made final in the Order of December 23, 1982." On January 26, 1983, the district court granted Southern's motion for a partial summary judgment on the issue of damages and entered an award of some of the damages Southern had claimed. This order contained a Rule 54(b) certificate of finality. GTA filed no notice of appeal from the January 26 final judgment.

■ This Court lacks jurisdiction to entertain this appeal. Section 1292(b) of 28

U.S.C.A. requires a party wishing to appeal an interlocutory order certified under that section to apply to the Court of Appeals for permission to appeal within ten days of the entry of the district court's certification. This requirement is a jurisdictional prerequisite, *Cole v. Tuttle,* 540 F.2d 206, 207 n. 2 (5th Cir.1976),[3] which we must strictly construe. *Alabama Labor Council v. Alabama,* 453 F.2d 922, 924 (5th Cir.1972). Because GTA failed to apply for leave to appeal within ten days of the district court's Section 1292(b) certification (it filed instead its so-called "notice of appeal" twenty-seven days after the filing of the district court's December 23 order), this Court does not have jurisdiction over the appeal under that section.

■ Although GTA concedes its error, it claims that this Court can exercise jurisdiction under 28 U.S.C.A. § 1291 and that GTA should be able to proceed with its appeal based on a "liberal" reading of Fed.R.App.P. 4(a)(2).[4] The purpose of that rule is to avoid the harsh result that may obtain when a district court has announced its final judgment and zealous counsel in his haste to file a notice of appeal does so before the district court formally enters the order containing its judgment. The rule was not intended to validate anticipatory

1. Fed.R.Civ.P. 54(b) states in pertinent part:
   When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

2. 28 U.S.C.A. § 1292(b) states in pertinent part:
   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon,

   in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order
   . . . .
   The district court did not name this section, but its order stated that "this order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from this order may advance the ultimate termination of this litigation."

3. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, which is binding unless and until overruled or modified by this Court en banc.

4. Fed.R.App.P. 4(a)(2) provides:
   Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

notices of appeal filed prior to the announcement of a final judgment. Hence this Court and its predecessor continued to hold after the enactment of Rule 4(a)(2) in 1979 that a final judgment does not "retroactively validate the premature notice of appeal." *United States v. Taylor*, 632 F.2d 530, 531 (5th Cir. Unit A 1980); *see also McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Consequently, Rule 4(a)(2) does not confer jurisdiction upon a Court of Appeals unless the appellant has filed a notice of appeal *after* the announcement of judgment but before the entry of the order.

There was no announcement of the final judgment prior to GTA's filing of the notice of appeal. GTA urges us to consider the district court's December 23 certification for interlocutory appeal as such an announcement, but it clearly was not.[5] A partial summary judgment is not a "final" judgment subject to appeal under 28 U.S.C.A. § 1291 unless the district court has certified it as final under Rule 54(b). *Winfield v. St. Joe Paper Co.*, 663 F.2d 1031, 1032 (11th Cir.1981). Here the district court expressly refused to do so. Moreover, a partial summary judgment on the issue of liability is not the type of partial summary judgment that can ever be considered "final" within the meaning of 28 U.S.C.A. § 1291. *Liberty Mutual Insurance Co. v.*

*Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976); Fed.R.Civ.P. 56(c) ("A summary judgment, *interlocutory in character*, may be rendered on the issue of liability alone"). Consequently, the district court's certification for interlocutory appeal of its partial summary judgment on liability cannot be considered an announcement of final judgment. Because this Court is without jurisdiction, the APPEAL IS DISMISSED.[6]

**5.** GTA evidently believed that the December 23 order was a final order under Rule 54(b), and it filed a notice of appeal as if a final judgment had been rendered. Its error may have been because the district court, even after immediately explaining correctly that a partial summary judgment on liability could not be made "final" under Rule 54(b), "ORDERED, ADJUDGED and DECREED that FINAL JUDGMENT be and it hereby is ENTERED on the finding of liability." Although careful reading of the order would have revealed that the district court was certifying its partial summary judgment for interlocutory appeal rather than entering a final judgment, the court's reference to its order as "FINAL JUDGMENT" was clearly an error. Unfortunately for the appellant, the district court's mistake does not help him because a district court mislabeling a non-final judgment "final" does not make it so. See *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).

**6.** GTA's appeal was based on the contention that under Alabama law the language of the indemnity agreement was not sufficiently specific to require GTA to indemnify Southern for the results of Southern's own negligence. Although our disposition of the appeal does not require us to reach it, we note that this claim is without merit. In several recent cases the Alabama Supreme Court has held that the type of "all risk of loss" language employed in Southern's indemnity clause is sufficiently broad to encompass liability resulting from the indemnitee's negligence. *Eastwood Lands, Inc. v. U.S. Steel Corp.*, 417 So.2d 164, 168 (Ala. 1982); *Mitchell v. Moore*, 406 So.2d 347, 353–54 (Ala.1981). Indeed, the Alabama Supreme Court has cited the district court's opinion in this case with approval as a "summary of the degree of specificity required." *Brown Mechanical Contractors v. Centennial Insurance Co.*, 431 So.2d 932, 945 n. 8 (Ala.1983).