751 F.2d 207
 53 USLW 2333
 NORTH AMERICAN TELECOMMUNICATIONS ASSOCIATION, Petitioner,
Bell Atlantic Telephone Companies, Intervening Parties Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
 No. 84-2216.
 United States Court of Appeals,
Seventh Circuit.
 Submitted Nov. 28, 1984.
Decided Dec. 28, 1984.
 
 John F. Beasley, BellSouth Corp., Atlanta, Ga., for petitioner.
 Bruce E. Fein, F.C.C., Washington, D.C., for respondents.
 Before BAUER, WOOD and POSNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The intervenors move to dismiss as untimely the petition filed by the North American Telecommunications Associate to review an order by the Federal Communications Commission. The motion raises a question of general significance on which there is a surprising absence of authority, so we have thought it would be useful to decide it in a published opinion.
 
 
 2
 The Commission issued the order on June 1, 1984, and NATA filed its petition for review in the District of Columbia Circuit on June 4, which was in plenty of time, because filed well within 60 days--provided what happened on June 1 was "the entry of a final order" by the Commission. See 28 U.S.C. Secs. 2342(1), 2344. On June 26, the Commission published its order of June 1 in the Federal Register. On July 18, still within the 60-day period, this court accepted the transfer of NATA's petition from the District os Columbia Circuit. See 28 U.S.C. Sec. 2112(a).
 
 
 3
 The problem arises from the fact that a Commission order is deemed "entered" for purposes of judicial review when the Commission gives "public notice" of the order, 47 U.S.C. Sec. 405, and a rule of the Commission, which we cannot say is unreasonable, defines public notice as "3 p.m. Eastern Standard Time the day after ... the date of publication in the Federal Register," 47 C.F.R. Sec. 1.4(b)(1). Since, therefore, the Commission's final order was not entered until June 27, the day after the order was published in the Federal Register, NATA's notice of appeal, filed on June 4, was premature, and therefore (the intervenors argue) of no effect. NATA did not file another notice of appeal within 60 days after June 27, and we have no power to enlarge the statutory deadline for filing a petition for review. Fed.R.App.P. 26(b).
 
 
 4
 There would be no problem at all if this were an appeal from a district court rather than an administrative agency. Rule 4(a)(2) of the Federal Rules of Appellate Procedure provides (with an immaterial exception) that "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." If this rule were applicable to this case, it would mean that NATA's petition for review had been filed effective June 27, and was timely. However, the rule is inapplicable--though not because it speaks of "notice of appeal" rather than "petition for review." The Federal Rules of Appellate Procedure are expressly applicable to administrative review proceedings, see Rule 1, and explicit references to administrative review are sprinkled throughout the rules--in Rule 26(b), for example, where it provides the basis of the intervenors' argument that the 60-day time limit for filing petitions to review final orders of the Federal Communications Commission cannot be enlarged. However, Rule 20 makes several of the rules inapplicable to administrative proceedings--and Rule 4 is one of them.
 
 
 5
 We nevertheless do not believe that the petition for review should be dismissed as untimely. Cf. Newsweek, Inc. v. United States Postal Service, 652 F.2d 239, 242 (2d Cir.1981) (per curiam). The problem after all is not that the petition was filed too late, but that it was filed too early; and we must consider whether the purpose of the Commission's rule defining the date of entry would be well served by holding that a consequence of noncompliance with the rule is to bar judicial review (the Commission takes no position on this question). The purpose, as the Commission has explained, 85 F.C.C.2d 618, 621, 624 (1981), is to regulate the well-known race to the courthouse that results from the fact that an administrative order may be reviewable in several different circuits. Cf. Virginia Elec. & Power Co. v. EPA, 610 F.2d 187, 188 (4th Cir.1979). The natural sanction therefore for filing prematurely is to be disqualified from the race--not to be denied judicial review altogether. The presumption in favor of judicial reviewability of agency action (on which see, e.g., Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 1510, 18 L.Ed.2d 681 (1967)) implies to us that procedural rules should not lightly be interpreted to prevent a party from obtaining judicial review. We add that the action of this court in accepting the transfer of the petition from the District of Columbia Circuit may have lulled NATA into thinking that it had not filed its notice of appeal prematurely. Cf. Bernstein v. Lind-Waldock & Co., 738 F.2d 179, 182-83 (7th Cir.1984); Textor v. Board of Regents, 711 F.2d 1387, 1390-91 (7th Cir.1983).
 
 
 6
 The motion to dismiss the petition for review is therefore
 
 
 7
 DENIED.