**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alan A. HANSEN, et al.,**
**Defendants-Appellants.**

**No. 85–1039.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 13, 1986.

Decided July 3, 1986.

Rehearing Denied July 23, 1986.

Linne Hansen, Medford, Wis., for defendants-appellants.

Michael L. Paup, Chief Appellate Section, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and WOOD and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Section 7403(a) of the Internal Revenue Code authorizes the federal government to bring suit to enforce its tax liens; and if the government prevails on the merits, the court "may decree a sale of such property [i.e., the property against which the lien was filed], by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c). The government brought

such an action here, the district court entered a decree of sale, and the defendants have attempted to appeal from that decree. Although no party has raised an issue concerning our appellate jurisdiction, we must always satisfy ourselves that we have jurisdiction before we can decide the merits of an appeal.

The problem of appealability comes from the pendency in the district court of counterclaims filed by two of the defendants against the government. The counterclaims were filed back in January 1984, and, perhaps because of their apparent frivolousness (among other things they charge the Internal Revenue Service and one of its agents with attempting to work a "corruption of blood" against the defendants by filing these tax liens), the government never bothered to answer or otherwise defend against them. On December 5, 1984, after the trial of the government's claim, the clerk of the district court entered a notation of default against the government on the counterclaims. See Fed.R. Civ.P. 55(a). This prompted the government to move at long last to dismiss the counterclaims, but it did not move to set aside the entry of default as such until after the district court entered the decree of sale on December 21, 1984. Without waiting for the court to grant the government's motions, enter a default judgment, or otherwise rule on the counterclaims, the defendants filed their notice of appeal to this court on January 2, 1985. On January 21 the district court struck the notation of default and ordered the counterclaims dismissed. Final judgment in favor of the government on the entire case was entered on January 24. The defendants did not file another notice of appeal. The district judge had not attempted to make his December 21 order of sale a final judgment appealable under Fed.R.Civ.P. 54(b).

■ Normally the only decisions that can be appealed to this court are final decisions. 28 U.S.C. § 1291. The paradigmatic final decision is one that winds up the whole litigation in the district court. If an order of default were a final judgment

on the claim defaulted on, then since in this case that order (noting that the government had defaulted on the defendants' counterclaims) was entered before the decree of sale, the decree would have been the last act in the litigation (nothing would have remained pending in the district court) and hence would have been an appealable final judgment. But an order of default is not a final judgment, though a default judgment is. *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1189–90 (7th Cir.1986). The present case illustrates the reason for the distinction. The default order was an intermediate, ministerial, nonjudicial, virtually meaningless docket entry which was shortly undone by the district judge's order striking it and entering judgment for the government.

■ The defendants filed their only notice of appeal before the entry of a final judgment. Can we nevertheless give effect to the premature notice? The cases are split. The majority, including our decision in *Stevens v. Turner*, 222 F.2d 352, 354 (7th Cir.1955), say "no"; see also *United States v. Taylor*, 632 F.2d 530, 531 (5th Cir.1980) (per curiam); *General Television Arts, Inc. v. Southern Ry.*, 725 F.2d 1327, 1330–31 (11th Cir.1984), and *Cross v. United States Postal Service*, 733 F.2d 1327, 1328 n. 1 (8th Cir.1984) (dictum). But *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 255 (5th Cir.1985) (per curiam), and *Cape May Greene, Inc. v. Warren*, 698 F.2d 179, 185 (3d Cir.1983), say "yes." The majority position rests on Fed.R.App.P. 4(a)(2), which provides that "a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof." A notice of appeal filed (as in this case) before the announcement of judgment does not satisfy the condition in Rule 4(a)(2) for postponing the notice's effective date. The minority position rests on Rule 4(a)(4), which provides that "[a] notice of appeal filed before the disposition of any of the above motions shall have no effect," referring to motions under Fed.R.Civ.P.

50(b), 52(b), or 59. The courts adhering to this position reason that where (as also in this case) no such motion was filed, a premature notice can be given effect.

We think the majority view is the better one, and thus adhere to *Stevens v. Turner.* (We acknowledge having resolved a similar but distinct issue, involving the effect of a premature petition to review administrative decisions, in favor of giving effect to the petition. See *North American Telecommunications Ass'n v. FCC,* 751 F.2d 207 (7th Cir.1984) (per curiam), and for the contrary position *Western Union Telegraph Co. v. FCC,* 773 F.2d 375 (D.C. Cir.1985).) Rule 4(a)(2) defines the circumstances in which a premature notice of appeal can be effective, and the circumstances of this case are not among them. To disregard the limitations in the rule would be to rewrite it rather too boldly for our tastes. The reference to prematurity in Rule 4(a)(4) has no negative implications. The reference is necessary to take care of the case where no subsequent judgment is entered—where all that happens is that a motion to alter the judgment is denied—so that one might have thought the original notice of appeal would still be good, nothing having happened to alter the judgment from which it was taken. Rule 4(a)(4) makes clear that the original notice of appeal has lapsed and a new one must be filed. The present case is not one to which Rule 4(a)(4) is addressed; in this case, the notice of appeal was filed before a final judgment was either announced or entered, and there could be no reason to think the notice would do service for an appeal from the final judgment. The taxpayers, anticipating defeat, might as well have filed the notice of appeal simultaneously with the filing of their counterclaims or their answer to the government's complaint. If their notice of appeal was not premature, no notice of appeal is premature.

■ Cases such as *Lac Courte Oreilles Band v. Wisconsin,* 760 F.2d 177, 180–81 (7th Cir.1985), which uphold jurisdiction of appeals from nonfinal orders even when the notice of appeal was filed before the judge made the finding (of no just cause for delay) necessary to enable such an order to be appealed under Fed.R.Civ.P. 54(b), are distinguishable. The notice of appeal in such a case is timely; all that is missing is a finding necessary to make the order appealed from appealable. There is no suggestion in this case that the decree of sale could be made appealable under Rule 54(b); the factual overlap between the decree and the defendants' counterclaims would prevent using Rule 54(b) to allow the decree to be appealed from before the counterclaims were disposed of. See *Jack Walters & Sons Corp. v. Morton Building, Inc.,* 737 F.2d 698, 702–03 (7th Cir. 1984). Moreover, the defendants do not challenge just the decree; they also challenge the dismissal of their counterclaims, and the dismissal came later. Hence the issue is whether the defendants can appeal from a subsequent final judgment, without having filed a notice of appeal from that judgment, merely because they filed an earlier notice of appeal from a nonfinal, nonappealable order. We think not.

■ This appeal could be saved only if the decree of sale were an interlocutory order granting an injunction; such orders are appealable even though nonfinal. 28 U.S.C. § 1292(a)(1). It does not matter that the injunction is a permanent rather than temporary injunction; a permanent injunction, granted by interlocutory order (as where damage issues are retained for subsequent determination), is appealable immediately. *Donovan v. Robbins,* 752 F.2d 1170, 1172 (7th Cir.1985).

■ A decree foreclosing a mortgage or other conventional lien is equitable, but it is not an injunction in the conventional sense. Not every equitable order is an injunction for purposes of section 1292(a)(1); a stay of an equity suit, for example, is not, see, e.g., *Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d 440, 442 (7th Cir.1984). An order directing the sheriff to execute a money judgment, a classic legal remedy, is neither equitable nor an injunction. Section 7403 of the Internal Revenue Code establishes a statutory procedure that could equally well be described as fore-

closure or as summary execution but that in either event does not create what we are minded to describe as an injunctive remedy—bearing in mind the desirability of limiting the occasions on which parties can take interlocutory appeals, in order to spare us from a flood of such appeals. Cf. *Gardner v. Westinghouse Broadcasting Co.*, 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978). Orders of replevin and attachment are not appealable under 28 U.S.C. § 1292(a)(1). See, e.g., *Rosenfeldt v. Comprehensive Accounting Service Corp.*, 514 F.2d 607, 609–10 (7th Cir. 1975); *In re Feit & Drexler, Inc.*, 760 F.2d 406, 412 (2d Cir.1985) (dictum); 16 Wright, Miller, Cooper & Gressman § 3922 at p. 43 (1977); cf. *West v. Zurhorst*, 425 F.2d 919 (2d Cir.1970) (Friendly, J.). No more is the order in this case. There is no suggestion that the defendants would have experienced hardship—as from immediate execution of the decree of sale, or whatever—if they had waited till the counterclaims were disposed of before appealing. And they could have sought a stay of the decree of sale if the government had been pressing to conduct the sale immediately.

The appeal is not within our jurisdiction and is therefore

DISMISSED.