826 F.2d 600
 CONTICOMMODITY SERVICES, INC., et al., Plaintiffs-Appellees,
v.
David J. RAGAN, et al., Defendants.
Appeal of William F. TUETING, Alan S. Gilbert and
Sonnenschein, Carlin, Nath & Rosenthal.
In the Matter of William F. TUETING and Alan S. Gilbert, Petitioners.
 Nos. 87-1760, 87-1761.
 United States Court of Appeals,
Seventh Circuit.
 Submitted July 10, 1987.
Decided Aug. 6, 1987.
 
 William F. Tueting, Sonnenschein Carlin Nath & Rosenthal, Chicago, Ill., for petitioners.
 David T. Pitikin, Sidley & Austin, Chicago, Ill., for plaintiffs-appellees.
 Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 This is an interlocutory appeal, cast alternatively as a petition for mandamus under 28 U.S.C. Sec. 1651. The appellant-petitioner is Sonnenschein, a Chicago law firm, and two of its members (but we shall suppress that detail to simplify the opinion). Judge Hart ordered the firm, against its will, to represent an individual, David Ragan, in Ragan's multidistrict litigation (which had been transferred to the Northern District of Illinois) against Conticommodity Services, Inc. The appeal and petition challenge that order.
 
 
 2
 Ragan's lawsuit involves both a multimillion-dollar claim against Conticommodity and a multimillion-dollar counterclaim. Sonnenschein had represented Ragan in one part of the litigation but had withdrawn. While the litigation with Conticommodity was pending, Ragan filed a petition for bankruptcy in the Eastern District of Kentucky. The filing was under Chapter 11 of the Bankruptcy Code, and at first no trustee was appointed. In his capacity as debtor in possession Ragan asked the bankruptcy court to appoint Sonnenschein to represent the bankrupt estate in the Conticommodity litigation. Before the court acted on this request, a trustee in bankruptcy was appointed. The bankruptcy court lifted the automatic stay to permit the litigation to go forward notwithstanding Ragan's bankruptcy, but refused to appoint Sonnenschein, because a majority of Ragan's creditors thought the firm was demanding too high a retainer. Nevertheless, Judge Hart, presiding over the Conticommodity litigation in the Northern District, decided that it would be unfair if Ragan were not represented in the litigation. So, invoking 28 U.S.C. Sec. 1915(d) and N.D.Ill. Rules 3.82(c), (e), the judge appointed Sonnenschein to represent Ragan. No doubt the judge intends to award Sonnenschein fees and costs for its services from time to time; and Sonnenschein will be able to submit any such award to the trustee, where it will enjoy a high priority as an administrative claim. But Sonnenschein would prefer not to participate in the Conticommodity litigation on these terms.
 
 
 3
 The initial question is whether we have jurisdiction of the appeal. This is a difficult question, though fortunately one unnecessary to answer. The order is in effect a mandatory injunction commanding Sonnenschein to undertake costly legal services with an uncertain prospect of remuneration, and as such might seem to be appealable, irrespective of finality, under 28 U.S.C. Sec. 1292(a)(1). Courts are reluctant, however, to construe judicial orders as mandatory injunctions for purposes of section 1292(a)(1), even when the orders are orders "to do" and traditionally equitable. See, e.g., In re City of Springfield, 818 F.2d 565, 567 (7th Cir.1987); United States v. Hansen, 795 F.2d 35, 38-39 (7th Cir.1986); Uehlein v. Jackson Nat'l Life Ins. Co., 794 F.2d 300, 303 (7th Cir.1986). Interlocutory appeals are disfavored because generally they interrupt litigation and burden appellate courts unduly.
 
 
 4
 The order directing Sonnenschein to represent Ragan can be likened to an order refusing to disqualify a law firm from representing a litigant; the analogy is reinforced by Sonnenschein's earlier representation of Ragan. And an order refusing to disqualify a law firm, as well as an order disqualifying a law firm, neither is deemed an injunction (despite its form) nor is appealable under the "collateral order" doctrine. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). These cases may be distinguishable from the present one, however. Both involved an appeal by a party, and if the order disqualifying or refusing to disqualify counsel was both incorrect and prejudicial it could be rectified upon the losing party's appeal from the final judgment in the litigation, simply by reversing that judgment. There was no urgency about an immediate appeal. But appealing from the final judgment would not be a remedy for Sonnenschein, a nonparty. In Palmer v. City of Chicago, 806 F.2d 1316, 1318-20 (7th Cir.1986), we allowed a defendant to appeal immediately an order that it pay attorney's fees to persons unlikely to be financially capable of returning them if the order was later held invalid. If Sonnenschein renders legal services to Ragan for which it never gets reimbursed, it will, like the defendant in Palmer, have suffered an irreparable harm--unjustly so, if the order compelling it to render those services against its will was unlawful.
 
 
 5
 However, we need not resolve the issue of appealability. For although mandamus may not be used to get around the limitations on interlocutory appeals, Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (per curiam); Mulay Plastics, Inc. v. Grand Trunk W.R.R., 742 F.2d 369, 371 (7th Cir.1984), "confining courts to the lawful exercise of their jurisdiction is the traditional use of the writ" (Bailey v. Sharp, 782 F.2d 1366, 1367 (7th Cir.1986) (per curiam); see also Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)), and this language precisely describes its invocation in this case.
 
 
 6
 In appointing counsel for Ragan, Judge Hart proceeded on the assumption that Ragan needed counsel in the litigation with Conticommodity and on the authority of section 1915(d) of the Judicial Code and its implementing local rules. These provisions authorize the district court to "request" a lawyer to represent an indigent litigant, civil or criminal. In Caruth v. Pinkney, 683 F.2d 1044, 1049 (7th Cir.1982) (per curiam), we said that section 1915(d) does not authorize the court to order an unwilling lawyer to represent an indigent. The Ninth Circuit reached the same conclusion in United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986). (The possible constitutional objections to such orders are discussed inconclusively in Family Division Trial Lawyers v. Moultrie, 725 F.2d 695 (D.C.Cir.1984).) In Lewis v. Lane, 816 F.2d 1165, 1168 (7th Cir.1987), we said in dictum that our approach had been inconsistent, citing, against Caruth, McKeever v. Israel, 689 F.2d 1315, 1319 and n. 8 (7th Cir.1982). But the court in McKeever had, without citing Caruth, merely noted that "request" and "appoint" are frequently used interchangeably. McKeever did not involve, and did not purport to resolve or even address, the question whether a judge can compel an unwilling attorney to represent a civil litigant. It is not inconsistent with Caruth.
 
 
 7
 We need not decide in this case whether to reexamine Caruth; we raise the question merely to make clear that McKeever does not undermine the authority of Caruth. That Judge Hart exceeded his jurisdiction by appointing counsel for Ragan in the Conticommodity litigation is shown by a simpler analysis: at the time of appointment Ragan was no longer the real party in interest in the litigation, so he had no need (and he made no request) for representation--certainly not for unwillingly appointed counsel dragged kicking and screaming to the bar. The real party in interest was the trustee in bankruptcy, and questions concerning retention of counsel by the trustee are within the exclusive jurisdiction of the bankruptcy court in Kentucky. Ragan's claim against Conticommodity is an asset of the bankrupt estate; Ragan's potential liability to Conticommodity on its claim is a potential liability of the bankrupt estate. If the estate wins a net judgment against Conticommodity (remember there is a counterclaim) the benefit will go to the unsecured creditors of the estate, while if Conticommodity wins a net judgment the pool of unsecured creditors will have to be enlarged to include Conticommodity. It is therefore the trustee, not Ragan, who must decide, subject to review by the bankruptcy court, whether and on what terms to pursue the litigation. Apparently the unsecured creditors are eager to have the bankrupt estate represented by Sonnenschein, though not on terms agreeable to Sonnenschein. That is why they support the appointment, under which the court will set Sonnenschein's fee. But all this merely confirms that Ragan is not the real party in interest and that the appointment of Sonnenschein to represent him nominally, but the bankrupt estate really, represents an unwarranted interference in the bankruptcy proceeding, which is pending in another district, and indeed circuit. The interference not only is unwarranted; it exceeds the district judge's jurisdiction.
 
 
 8
 Our holding is a limited one, reflecting the procedural setting of this decision--a mandamus proceeding. We are not questioning the power of a district court in an appropriate case to prevent counsel from withdrawing from representation of a party to a lawsuit before the court, see, e.g., Ohntrup v. Firearms Center, Inc., 802 F.2d 676 (3d Cir.1986) (per curiam), or to assure adequate representation for an indigent criminal defendant; we are not revisiting the question in what circumstances a district court may request a lawyer to undertake representation of an indigent civil litigant. All we hold is that Judge Hart exceeded the lawful bounds of his power when he ordered a law firm against its will to represent a nominal party to litigation, when the real party was a trustee in a bankruptcy proceeding pending in another court.
 
 
 9
 The petition in No. 87-1761 is therefore GRANTED and the district judge is directed to vacate the order of appointment. In light of this disposition, the appeal in No. 87-1760 is DISMISSED as moot.