**ALCOM ELECTRONIC EXCHANGE, INC., etc., et al., Plaintiffs–Appellants,**

v.

**John BURGESS, etc., et al., Defendants–Appellees.**

No. 88–4013
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 19, 1988.

Henry Laird, W. Joel Blass, Gulfport, Miss., Lawrence J. Franck, Jackson, Miss., for defendants-appellees.

Before REAVLEY, KING and GARWOOD, Circuit Judges.

REAVLEY, Circuit Judge:

Alcom Electronic Exchange, Inc. ("Alcom") appeals from the district court's order dismissing its complaint. We affirm.

## I.

Alcom, a Mississippi Corporation, sued John Burgess, a citizen of Mississippi, Bellsouth Advertising and Publishing Corporation ("Bellsouth"), a Georgia corporation, and South Central Bell Telephone Company ("South Central Bell"), a Georgia corporation (collectively the "defendants"), for the defendants' failure to place an Alcom advertisement in the Yellow Pages of South Central Bell's 1986 Gulf Coast Directory pursuant to a written contract between Alcom and Bellsouth. Bellsouth publishes telephone directories for South Central Bell. Burgess, acting as agent for Bellsouth, entered a written contract with Alcom which provided for the publication of an Alcom business advertisement in South Central Bell's 1986 Gulf Coast Directory. That contract contained a provision, applicable to Bellsouth, Burgess and South Central Bell, which limited damages, on account of omissions and errors in advertising, to an abatement of any charges paid by Alcom for the advertisement.

The advertisement sought by Alcom was omitted from the 1986 telephone directory. Alcom, seeking an order directing the defendants to include its advertisement in a supplement to the 1986 directory and $250,000 in compensatory and punitive damages, brought this action in a Mississippi state court. The defendants, pursuant to 28 U.S.C. 1441(b), obtained removal to federal court on the basis of diversity jurisdiction. Alcom moved to remand this action to state

Ben F. Galloway, Gulfport, Miss., for plaintiffs-appellants.

court, contending that, because Alcom and Burgess were both citizens of Mississippi, diversity jurisdiction did not exist. The district court denied this motion, holding that Alcom could not possibly establish a cause of action under its pleadings against Burgess in state court and, therefore, that Burgess was not a proper party to the suit.

The defendants then filed a motion for summary judgment asserting that the limitation of liability clause contained in the contract limited Alcom's recoverable damages to $15, the amount Alcom paid for the advertisement. The district court, in an interlocutory order dated November 23, 1987, held that Alcom's recovery, under Mississippi law, was limited to the $15 it paid to the defendants for the advertisement. However, the court went on to say that

> technically the issue of whether South Central Bell is liable to Plaintiffs' for the fifteen dollar ($15.00) sum remains for resolution. The parties have reached no agreement as to the liability for that amount on the record of this Court. Accordingly, this issue clearly constitutes a genuine issue of material fact. Defendants' motion, to the extent that it seeks dismissal of this cause must be denied.

On January 4, 1988, the defendants tendered into the registry of the court the sum of $15 pursuant to the district court's November 23, 1987 order. Alcom filed a notice of appeal on January 8, 1988, stating that "[a]n appeal is proper ... as the Defendants have tendered into the Registry of the Court the disputed sum referenced in the District Court's Judgment." Thereafter, on May 6, 1988, the court filed an order entitled "Order Nunc Pro Tunc" in which it directed the clerk of the court to pay Alcom the sum of $15 tendered into the registry by the defendants and dismissed Alcom's complaint with prejudice. Alcom did not file a notice of appeal from this order.

Alcom now contends that the district court improperly denied its motion to remand this action to state court, or, alternatively, that the limitation of liability clause contained in the contract was unenforceable under Mississippi law. We must first, however, consider the timeliness of Alcom's notice of appeal, a question that goes to our jurisdiction.

## II. Appellate Jurisdiction

■ Our jurisdiction depends upon a timely filed notice of appeal. We have here the entry of an interlocutory and unappealable order on November 23, a notice of appeal on January 8, and a final judgment on May 6. Because the November 23 order does not purport to dispose of the lawsuit we cannot treat it as the announcement of what the court entered on May 6. May the January 8 notice of appeal be accepted as effective upon the entry of the May 6 judgment? If this were an open question, we might follow the majority view and hold the notice of appeal ineffective under Rule 4, Fed.R.App.P. We are bound by a contrary decision by a prior Fifth Circuit panel, however, and must uphold the notice as effective.

The rules governing appellate procedure in civil cases provide that a "notice of appeal ... shall be filed with the clerk of the district court within 30 days *after* the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1) (emphasis added). However, Rule 4(a)(2), Fed.R.App.P., provides that "[e]xcept as provided in (a)(4) of this Rule 4, a notice of appeal filed *after the announcement* of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof" (emphasis added). The purpose of Rule 4(a)(2) "is to avoid the harsh result that may obtain when a district court has announced its final judgment and zealous counsel in his haste to file a notice of appeal does so before the district court formally enters the order containing its judgment." *General Television Arts, Inc., v. Southern Ry.*, 725 F.2d 1327, 1330 (11th Cir.1984). Rule 4(a)(4), Fed.R.App.P., provides that if certain post-judgment or post-trial motions are made, the time for filing a notice of appeal runs from the entry of the order granting or denying such motions and that "[a] notice of appeal filed before the dispo-

sition of [such] motions shall have no effect."

The district court entered a final judgment on May 6, 1988. While the court entitled this judgment "Order Nunc Pro Tunc" and may have intended to make it effective within the 30 days prior to Alcom's notice of appeal, *see Wheeler v. American Home Prods., Corp.,* 582 F.2d 891, 893 (5th Cir.1977), the terms of the order are silent as to the date of its effectiveness. We can only give it the effective date of its entry on May 6. Alcom filed no notice of appeal from that judgment.

Neither party filed post-judgment motions, thus rendering Fed.R.App.P. 4(a)(4), on its face, inapplicable. Alcom's notice of appeal was filed *before* either the announcement or entry of final judgment (the "Order Nunc Pro Tunc"), and was thus premature.

The majority of federal appellate courts which have considered the validity of a premature notice of appeal have concluded that such notice does not satisfy the condition in Rule 4(a)(2) for postponing the notice's effective date because that Rule, on its face, only confers jurisdiction upon a court of appeals if the notice is filed *after* the announcement of judgment but before the entry of the order. *See United States v. Hansen,* 795 F.2d 35, 37–38 (7th Cir. 1986); *General Television Arts,* 725 F.2d at 1330–31. Other courts, however, relying on Fed.R.App.P. 4(a)(4), have held that a notice of appeal filed before the announcement of a final judgment is valid where no post-judgment or post-trial motions, as set forth in Rule 4(a)(4), have been filed. *See Cape May Greene, Inc. v. Warren,* 698 F.2d 179, 184–85 (3d Cir.1983). The court in *Cape May Greene* drew a negative inference from Rule 4(a)(4), holding that "the Rules contemplate that the prohibition against giving effect to premature notices of appeal shall be confined to the specific instances cited in Rule 4(a)(4)." *Id.* at 185. Adopting the majority position, this reasoning was rejected by *Hansen,* in which the court stated:

> Rule 4(a)(2) defines the circumstances in which a premature notice of appeal can

be effective, and the circumstances of this case are not among them. To disregard the limitations in the rule would be to rewrite it rather too boldly for our tastes. The reference to prematurity in Rule 4(a)(4) has no negative implications. The reference is necessary to take care of the case where no subsequent judgment is entered—where all that happens is that a motion to alter the judgment is denied—so that one might have thought the original notice of appeal would still be good, nothing having happened to alter the judgment from which it was taken. Rule 4(a)(4) makes clear that the original notice of appeal has lapsed and a new one must be filed. The present case is not one to which Rule 4(a)(4) is addressed; in this case, the notice of appeal was filed before a final judgment was either announced or entered, and there could be no reason to think the notice would do service for an appeal from the final judgment.

795 F.2d at 38.

This panel might follow the reasoning set forth in *Hansen,* if we were not bound by a prior panel decision which expressly adopted the position set forth in *Cape May Greene. See Alcorn County, Miss. v. U.S. Interstate Supplies,* 731 F.2d 1160, 1165–66 (5th Cir.1984). This court in *Alcorn* primarily relied on an earlier panel decision, *Jetco Elec. Indus., Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir.1973), which held that we had jurisdiction to consider a premature appeal, and declined to follow a later contrary panel decision, *United States v. Taylor,* 632 F.2d 530 (5th Cir. 1980), which, relying on Fed.R.App.P. 4(a), held that a final judgment does not retroactively validate a premature notice of appeal. In *Alcorn,* we noted that the *Jetco* rule had been followed in this circuit, *see Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 255 (5th Cir.1985); *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1029 n. 7 (5th Cir.1980); *Tower v. Moss,* 625 F.2d 1161, 1163–65 (5th Cir.1980), and, reasoning that where precedents conflict the older rule is presumptively correct, we rejected the contrary rule set forth in *Tay-*

*lor.*[1] *Alcorn,* 731 F.2d at 1166 ("The preference for the older authority is clearly appropriate here, where *Jetco* has been acknowledged repeatedly as the law of this circuit."). We then expressly adopted the position set forth in *Cape May Greene,* stating that "[w]e join the Third Circuit in holding that a premature notice of appeal does invoke appellate jurisdiction except in the narrow circumstances described in Rule 4(a)(4)." *Alcorn,* 731 F.2d at 1166.

There are difficulties with our reliance upon *Jetco.* While *Jetco* was decided in 1973, Rule 4(a)(2), Fed.R.App.P., was enacted in 1979.[2] It is the 1979 rule that governs and presents the problem. Looking at the terms of that rule, it provides for the postponement of a premature notice's effective date *only* where that notice is filed *after* announcement of final judgment but before entry of that judgment. Rule 4(a)(4), Fed.R.App.P., renders Rule 4(a)(2)

1. The 11th Circuit in *Robinson v. Tanner,* 798 F.2d 1378 (11th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1979, 95 L.Ed.2d 819 (1987), attempted to reconcile our decisions in *Jetco* and *Taylor.* The court noted that *"Jetco* and most of the cases following its rule concern premature appeals from judgments adjudicating either fewer than all the claims in the case or the rights and liabilities of fewer than all the parties," and thus that these cases involve judgments which could be certified for appeal under Fed.R.Civ.P. 54(b). 798 F.2d at 1382–83. The court then stated that *"Taylor,* on the other hand, applies to interlocutory orders which could not be appealed under Rule 54(b) as dismissals of claims or parties." *Id.* at 1383. The court concluded that *Jetco* stands for the proposition that "[a] premature notice of appeal is valid if filed from an order dismissing a claim or party and followed by a subsequent final judgment without a new notice of appeal being filed," while *Taylor* stands for the proposition that "[a] premature notice of appeal filed from an interlocutory order that is not immediately appealable is not cured by a subsequent final judgment." *Id.* at 1385.

The notice of appeal in *Taylor* was filed after the defendant's counterclaim was dismissed, but before the plaintiff's original cause of action was dismissed. *Taylor,* 632 F.2d at 531. Rule 54(b), Fed.R.Civ.P., applies to actions involving more than one claim, including counterclaims. Because the district court in *Taylor,* under Rule 54(b), could have certified an appeal of its dismissal of defendant's counterclaim, we fail to understand the distinction, drawn by the court in *Robinson,* between *Taylor* and *Jetco.* In any event, Fed.R.App.P. 4(a)(2) invalidates all appeals taken before announcement of judgment and makes no mention of Fed.R.Civ.P. 54(b).

2. In 1973, when *Jetco* was decided, Rule 4(a), Fed.R.App.P., provided:

(a) **Appeals in Civil Cases.** In a civil case (including a civil action which involves an admiralty or maritime claim and a proceeding in bankruptcy or a controversy arising therein) in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from;

but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires.

The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the district court by any party pursuant to the Federal Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; (4) denying a motion for a new trial under Rule 59. A judgment or order is entered within the meaning of this subdivision when it is entered in the civil docket.

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

It is seen that the earlier civil case rule required a notice of appeal "within 30 days of" the order. It did not require that the notice be filed "within 30 days after" the order as the 1979 rule does. There was no express provision for the premature notice after announcement. That is 4(a)(2), enacted in 1979. By that addition the older provision in Rule 4(b), applicable to criminal cases, was extended to civil cases. *See* Notes of Advisory Committee on Appellate Rules following Fed.R.App.P. 4.

ineffective where certain motions have been filed, but reflects no intent to broaden the effect of Rule 4(a)(2) beyond its express terms. Such an interpretation would render Rule 4(a)(2) virtually superfluous since the purpose served by that Rule would also be fulfilled by Rule 4(a)(4).

This court in *Alcorn*, however, addressed both *Jetco* and *Taylor*, and decided to follow the rule set forth in *Jetco* and *Cape May Greene*. Because we are bound by the panel's decision in *Alcorn*, we must also reject the *Taylor* rule and follow *Jetco*. Accordingly, we hold that the premature notice of appeal filed by Alcom on January 8, 1988, was effective.

### III. Diversity Jurisdiction

After removal from state court, Alcom moved to remand this action, contending that diversity jurisdiction did not exist because both Alcom and Burgess were citizens of Mississippi. *See* 28 U.S.C. § 1441(b).[3] The defendants contended that Burgess was fraudulently joined, and was thus not a proper party to the suit. The district court, after noting that, in order to establish that Burgess had been fraudulently joined, the defendants had to show that there was "no possibility" that Alcom would be able to establish a cause of action against Burgess in a Mississippi court, *see Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), held that, under Mississippi law, Alcom could not successfully assert any claim against Burgess. The court held that Alcom averred only a breach of contract and no more than a contractual claim. As to the viability of Alcom's contract claim, the court relied on the well-settled principle of Mississippi law "that an authorized agent acting for a disclosed principal, in the absence of circum-

stances showing that personal responsibility was intended to be incurred, may not be held personally liable to the other contracting party." *Mid–Continent Tel. Corp. v. Home Tel. Co.*, 319 F.Supp. 1176, 1199 (N.D.Miss.1970).

Alcom now contends that Burgess failed to disclose his principal, the L.M. Berry Company (his employer), and thus that Burgess is liable for breach of contract under Mississippi law.[4] *See* 3 C.J.S. Agency § 369 (1973) (failure of an agent to disclose his principal will render such agent liable for a breach of duty).

■ Bellsouth contracted with South Central Bell to publish the Yellow Pages Directory, and Bellsouth in turn engaged Berry to solicit and sell advertising. Through Burgess, Alcom contracted with Bellsouth and South Central Bell, and Alcom knew at that time that Burgess was acting as an agent for these companies. Alcom's pleadings allege that Burgess acted at all times as an agent of Bellsouth. The fact that Alcom did not know that Burgess was an employee of Berry is irrelevant because Alcom knew the identity of the principals on whose behalf Burgess was acting. We reject Alcom's claim that under Mississippi law it would have had a contract action against Burgess, and hold that the district court correctly denied Alcom's motion to remand.

### IV. The Merits: Limitation of Liability

■ The case turns on the validity of the provision in the contract limiting the defendants' liability, in the event of an error or omission in advertising, to an abatement of any charges paid by Alcom for the advertisement.[5] The district court held that,

---

**3.** This section provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added).

**4.** Alcom also contends that this case was not removable under 28 U.S.C. § 1441(c), because it does not involve separate and independent claims. This contention is simply irrelevant because this action was removed pursuant to 28 U.S.C. § 1441(b), and not § 1441(c).

**5.** This clause specified that:

[BELLSOUTH'S] LIABILITY, THE LIABILITY OF ITS AUTHORIZED SALES REPRESENTATIVES [BERRY AND BURGESS] AND THE LIABILITY OF THE TELEPHONE COM-

under Mississippi law, limitation of liability clauses are valid and enforceable and therefore that Alcom's recovery was limited to the $15 amount it paid to the defendants for the advertisement.

Alcom argues that the Mississippi Supreme Court has not yet decided whether a limitation of liability clause is enforceable when the parties to the contract are in an unequal bargaining position, and, after citing an Alabama Supreme Court case which invalidated a similar clause, *Morgan v. South Cent. Bell Tel. Co.*, 466 So.2d 107 (Ala.1985), requests that we either reverse the district court's judgment and hold that such clauses are not enforceable, or certify this issue to the Mississippi Supreme Court.

It is well settled under Mississippi law that parties to a contract may stipulate, in advance, the amount to be paid as compensation for loss or injury which may result in the event of a breach, and that such stipulated sum is enforceable provided it is not in the nature of a penalty. *See Patrick Petroleum Corp. of Mich. v. Callon Petroleum Co.*, 531 F.2d 1312, 1315–17 (5th Cir. 1976) (citing Mississippi cases). Many states have upheld the validity of limitation of liability clauses in directory advertising contracts, *see, e.g., Louisiana Shoes, Inc. v. South Cent. Bell Tel. Co.*, 445 So.2d 1304 (La.App.1984); *Louisville Bear Safety Serv., Inc. v. South Cent. Bell Tel. Co.*, 571 S.W.2d 438 (Ky.App.1978); *Warner v. Southwestern Bell Tel. Co.*, 428 S.W.2d 596 (Mo.1968); *Smith v. Southern Bell Tel. & Telegraph Co.*, 51 Tenn.App. 146, 364 S.W.2d 952 (1962), and at least two federal district courts in Mississippi have upheld such clauses, *Goodson v. South Cent. Bell Tel. Co.*, Civil Action No. S84–0686(N) (S.D.Miss. January 29, 1986); *Feldman v. South Cent. Bell Tel. Co.*, Civil Action No. J82–0582(B) (S.D.Miss. March 27, 1984). We give deference to the decision of the district judge and hold that the limitation of liability clause contained in Alcom's contract is enforceable under Mississippi law.

AFFIRMED.

PANY [SOUTH CENTRAL BELL] (IF ANY) ON ACCOUNT OF OMISSION OF OR ERRORS IN SUCH ADVERTISING SHALL IN NO EVENT EXCEED THE AMOUNT OF CHARGES FOR THE ADVERTISING WHICH WAS OMITTED OR IN WHICH THE ERROR OCCURRED IN THE THEN CURRENT DIRECTORY ISSUE AND SUCH LIABILITY SHALL BE DISCHARGED BY ABATEMENT OF THE CHARGES FOR THE PARTICULAR LISTING OR ADVERTISING IN WHICH THE OMISSION OR ERROR OCCURRED. (emphasis in original)