905 F.2d 1528
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hakeem ABDUL-EL,
v.
Raymond M. MUNCY, Warden; Edward W. Murray, Director,
Virginia Department of Corrections, Defendants-Appellees.
 No. 89-6782.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1990.
Decided May 18, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (C/A No. 88-1606-AM)
 Hakeem Abdul-El, appellant pro se.
 E.D.Va.
 DISMISSED.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Hakeem Abdul-El appeals the district court's order dismissing this 42 U.S.C. Sec. 1983 action for failure to show exhaustion of administrative remedies.[1] Acting pursuant to 42 U.S.C. Sec. 1997e, the district court ordered appellant to exhaust administrative remedies and to advise the court within 100 days of the result of the administrative proceedings. It warned appellant that failure to advise the court regarding exhaustion would result in dismissal of the action. The district court dismissed a majority of Abdul-El's claims without prejudice upon his failure to comply with the order within the 100-day period.
 
 
 2
 The district court could properly require exhaustion of administrative remedies under 42 U.S.C. Sec. 1997e. Its dismissal of the action, without prejudice, when appellant failed to comply with its order was not an abuse of discretion.
 
 
 3
 Abdul-El also seeks to appeal the district court's dismissal of the remainder of his claims for failure to pay the assessed filing fee.[2] We find that the district court properly complied with the procedures approved in Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982), and did not abuse its discretion in dismissing these claims without prejudice.
 
 
 4
 Accordingly, we deny leave to appeal in forma pauperis and dismiss the appeal. We deny Abdul El's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 [1]
 The district court's order dismissing the bulk of Abdul-El's claims for failure to exhaust informed him that he had 30 days from the entry of that order to appeal. Because this order did not comply with the requirements of Fed.R.Civ.P. 54(b) for entering final judgment as to fewer than all claims, Abdul-El's appeal of that order was interlocutory. Nonetheless, once final judgment was entered as to all claims, this interlocutory notice of appeal was retroactively validated. See, e.g., Alcom Electronic Exchange, Inc. v. Burgess, 849 F.2d 964 (5th Cir.1988); but cf. United States v. Peerless, 374 F.2d 942 (4th Cir.1967) (plaintiff's voluntary dismissal with intent to refile once appeal of interlocutory decision has been heard will not confer appellate jurisdiction over interlocutory appeal)
 
 
 [2]
 Abdul-El's notice of appeal specifically designated the court's dismissal of the majority of his claims for failure to exhaust. When a notice of appeal specifies the order appealed from, the appeals court does not have jurisdiction to review other judgments or issues not expressly referred to or implicitly intended for appeal. C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir.), cert. denied, 454 U.S. 1125 (1981). Nonetheless, because Abdul-El's informal brief was filed within the 30-day period following the entry of final judgment, the issues he addresses there, including the assessment of the partial filing fee, are before this Court on appeal. Cf. Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir.1974) (document is valid notice if it fulfills purpose of Fed.R.App.P. 3)