**AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, GEORGIA, a Georgia corp., Plaintiff-Appellee,**

v.

**UNITED STATES FIRE INSURANCE COMPANY and Boston Old Colony Insurance Company, Defendants-Appellants.**

No. 85–8895.

United States Court of Appeals, Eleventh Circuit.

July 23, 1986.

John W. Denney, Columbus, Ga., for U.S. Fire Ins. Co.

Michael Hufft, Kansas City, Mo., H. Baxter Harcourt, Columbus, Ga., for Boston Old Ins.

Albert W. Stubbs, Forrest L. Champion, Jr., Columbus, Ga., Thomas E. Deacy, Jr., Kansas City, Mo., Coy R. Johnson, Cumming, Ga., for plaintiff-appellee.

Before RONEY and CLARK, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This appeal arises from a law suit filed by American Family Life Assurance Company of Columbus, Georgia ("American Family") against its primary and excess

remand if it finds no jurisdiction, regardless of    whether a motion is filed.

liability insurance carriers, Boston Old Colony Insurance Company ("Boston Old Colony") and United States Fire Insurance Company ("U.S. Fire"), respectively. The dispute involves the question of the duties of the insurers with respect to defense and settlement of a lawsuit filed against American Family by Joseph P. Teasdale for malicious prosecution and abuse of process.

The district court entered partial summary judgment in favor of American Family, ruling that the Boston Old Colony and U.S. Fire insurance policies provide liability coverage for all claims alleged in the Teasdale suit, including malicious prosecution, abuse of process and punitive damages, that conflicts of interest existed between Boston Old Colony and American Family and between U.S. Fire and American Family because the insurance companies questioned or denied coverage of the claims in the Teasdale suit, that American Family, because of the conflicts, could negotiate, settle and select lead counsel in the Teasdale suit and that Boston Old Colony and U.S. Fire must reimburse American Family for the settlement amount and for all attorney's fees and expenses incurred and to be incurred in the defense of the Teasdale suit. The court certified these issues as final under Fed.R.Civ.P. 54(b) and retained jurisdiction over certain other matters not addressed in the judgment.

Pursuant to the certification, Boston Old Colony and U.S. Fire appealed to this court. They challenge the district court's rulings on the issues just mentioned. Additionally, appellants contend that the fact that a lawsuit involving the same parties and overlapping issues was pending in the Western District of Missouri at the time the present action was filed in the Middle District of Georgia and remained pending at the time the Georgia district court reached its decision should have rendered that court without jurisdiction over this case. For reasons of mootness and lack of finality, we do not address the issues raised by appellants but dismiss the appeal for lack of jurisdiction.

While this appeal was pending, the District Court for the Western District of Missouri transferred the overlapping Missouri action to the Middle District of Georgia. Appeal to the Eighth Circuit from the transfer order was dismissed for lack of jurisdiction on the ground that the transfer order was interlocutory and not appealable as a final judgment under 28 U.S.C. § 1291. The problem of duplicitous litigation has been eliminated and all parties and issues are joined in a single action. The question of the propriety of the district court's exercise of jurisdiction being now moot, we dismiss the appeal with respect to that issue.

Also during the pendency of this appeal, Boston Old Colony and U.S. Fire entered into a settlement agreement with Teasdale and terminated the Teasdale suit, waiving any right of reimbursement for the amount paid in settlement. The need for a declaration under the insurance policies with respect to coverage and duty to defend is now moot and we must also dismiss the appeal with respect to the issues raised in the request for a declaration of rights and duties under the insurance policies.

The sole question remaining on appeal is whether, and to what extent, Boston Old Colony and U.S. Fire must reimburse American Family for the expenses of its attorneys in monitoring the defense provided by Boston Old Colony and U.S. Fire in the Teasdale litigation. Although the district court determined that Boston Old Colony and U.S. Fire are liable for such monitoring expenses, it did not fix the amount of the fees owed. Nor did the court apportion liability between Boston Old Colony and U.S. Fire. The district court's order with respect to this issue was therefore a partial summary judgment and not final under 28 U.S.C. § 1291. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). As a claim may not be certified as final and appealable under Rule 54(b) unless it is in fact final within the meaning of § 1291,[1]

---

1. Rule 54(b) applies to multiple claim actions in which one or more, but less than all, of the

multiple claims have been *finally decided* and

the district court erred in certifying the attorney's fee issue along with the issues arising from the request for a declaration of rights. *Id.; General Television Arts, Inc. v. Southern Railway Co.,* 725 F.2d 1327, 1331 & n. 5 (11th Cir.1984); C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2656 at 50–51 (1983). We therefore have no jurisdiction over the appeal on this issue and dismiss this portion of the appeal as well.

There being no issues remaining for us to consider, we dismiss this appeal for lack of jurisdiction.

DISMISSED.

are otherwise ready for appeal. *Wetzel,* 424

U.S. at 742–43, 96 S.Ct. at 1206.