41 F.3d 1519
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 STEWART SYSTEMS, INC., Plaintiff-Appellee,
v.
BAKING TECHNOLOGY SYSTEMS, INC., Defendant-Appellant.
STEWART SYSTEMS, INC., Plaintiff-Appellant,
v.
BAKING TECHNOLOGY SYSTEMS, INC., Defendant-Appellee.
 Nos. 94-1272, 94-1358.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1994.
 
 Before ARCHER, Chief Judge, BENNETT, Senior Circuit Judge, and NIES, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 On September 30, 1994, this court, sua sponte, questioned whether Baking Technology Systems, Inc.'s appeal no. 94-1272 is timely and directed the parties to respond. The following motions are before the court:
 
 
 2
 (1) Stewart Systems' motion for the court to take judicial notice of the reexamination file for the "819" patent in appeal no. 92-1358. Baking Technology consents.
 
 
 3
 (2) Stewart Systems' motions for the court to schedule oral argument in the above appeals "on the same day before the same panel." Baking Technology opposes.
 
 
 4
 (3) Stewart Systems' motion to strike attachments "I" and "J" from Baking Technology's corrected brief in appeal no. 94-1272. Baking Technology opposes.
 
 
 5
 (4) Michael J. Powell's motion to withdraw as counsel for Baking Technology in the above appeals.
 
 
 6
 (5) Stewart Systems' motion to dismiss appeal 94-1272. Baking Technology opposes.
 
 
 7
 This matter stems from Stewart Systems' action in the United States District Court for the Northern District of Georgia against Baking Technology for infringement of the claims of three of its patents. On March 8, 1993, the district court entered judgment on the jury verdict of infringement of the claims of two of the patents and issued an injunction against Baking Technology. Four days earlier, the district court held oral argument on the defense of inequitable conduct with regard to the remaining patent. Baking Technology filed a motion for judgment as a matter of law and a motion for a new trial. More than one year later, on April 1, 1994, the district court denied Baking Technology's motions. On April 12, 1994, Baking Technology filed a notice of appeal, appeal no. 94-1272. On May 12, 1994, the district court issued an order holding the remaining patent unenforceable. Stewart Systems filed a notice of appeal, appeal no. 94-1358.
 
 
 8
 In our September 30, 1994 order we stated: ["t]here is a question whether the liability phase of the district court proceeding was final when Baking Technology appealed in view of the pending issue of enforceability of one of Stewart Systems, Inc.'s patents." Stewart Systems argues that the court should dismiss appeal no. 94-1272 for lack of jurisdiction because the order appealed was not "final except for an accounting" under 28 U.S.C. Sec. 1292(c)(2).
 
 
 9
 Baking Technology argues that this court has jurisdiction over its appeal on three different grounds. First, Baking Technology argues that it is appealing from a permanent injunction. Second, Baking Technology argues that the notice of appeal is timely under Fed.R.App.P. 4(a)(2) because the district court orally announced in the March 4, 1994 hearing "that it would probably hold the '819 patent unenforceable." Third, Baking Technology argues the order appealed was final except for an accounting with regard to two of the three patents.
 
 
 10
 Baking Technology's arguments are not persuasive. We also take note of the paucity of authority cited to support Baking Technology's novel arguments. Although Baking Technology could have immediately appealed from the permanent injunction issued in March of 1993, it chose not to file an appeal. Clearly, a subsequent appeal, filed more than a year later, does not constitute a timely appeal of an injunction. Appeals from injunctions, like other appealable orders, must be filed within 30 days after entry. See 28 U.S.C. Sec. 2107, Fed.R.App.P. 4(a)(1).
 
 
 11
 Baking Technology's argument that the April 1, 1994 order was an "announcement" of the district court's later ruling on unenforceability is similarly unpersuasive. Fed.R. of App.P. 4(a)(2) governs situations in which "a district court has announced its final judgment and zealous counsel in his haste to file a notice of appeal does so before the district court formally enters the order containing its judgment." General Television Arts, Inc. v. Southern Railway Company, 725 F.2d 1327, 1330 (11th Cir.1984). The district court's comments during the March 4, 1994 hearing did not amount to an announcement of its intent to rule that the third patent was unenforceable. Rather, the district court was merely entertaining and reacting to oral argument by counsel on the issue of unenforceability. The district court did not finally rule on the issue until more than a year later.
 
 
 12
 Finally, we reject Baking Technology's argument that the April 1, 1994 order was final except for an accounting with regard to two of the three patents. The purpose of the final judgment rule is to avoid piecemeal litigation and permit appeals only from final judgments, i.e. a judgment that "ends litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The Supreme Court has stated that a "case is not to be sent up in fragments." Id. at 233-34. To allow an appeal of two of the three patents in suit would turn the final judgment rule on its head. Accordingly, we dismiss appeal no. 94-1272 for lack of jurisdiction. All pending motions in connection with that appeal are moot.
 
 
 13
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 14
 (1) Stewart Systems' motion to dismiss appeal no. 94-1272 is granted.
 
 
 15
 (2) Each side shall bear its own costs.
 
 
 16
 (3) All pending motions in connection with appeal no. 94-1272 are moot.
 
 
 17
 (4) Stewart Systems' motion for the court to take judicial notice of the reexamination file for the third patent is deferred for consideration by the merits panel that is assigned to hear this appeal.
 
 
 18
 (5) Counsel's motion to withdraw as counsel for Baking Technology is granted. New counsel should promptly enter an appearance.