**In the Matter of Robert O. DAVIS, Debtor.**

**No. 07–10035–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

July 20, 2007.

Robert O. Davis, Washington, DC, pro se.

Adam M. Goodman, Atlanta, GA, pro se.

## *ORDER*

W.H. DRAKE, Bankruptcy Judge.

Before the Court is the Motion for Stay Pending Appeal filed by Robert O. Davis (hereinafter the "Debtor"). The Debtor seeks entry of a stay pending his appeal of an order entered by this Court on May 29, 2007 and of an order denying his motion for reconsideration of the May 29th Order, which was entered by this Court on June 22, 2007. Additionally, Debtor's notice of appeal appears to seek an appeal of an order entered by this Court on July 9, 2007. These orders arise from two motions for relief from the automatic stay, filed by Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") and CharterBank (hereinafter "CharterBank"), and two motions to invalidate foreclosure sale, filed by the Debtor. Accordingly, this matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(2)(G); § 1334.

### Procedural History

On January 4, 2007, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Prior to that time, the Debtor had owned two pieces of real property. The first was known as 296 East Mount Zion Church Road, Lagrange, Georgia (hereinafter the "Mount Zion Property"), and the second was commercial property located at 204 King Street,

Lagrange, Georgia (hereinafter the "King Street Property").

Wells Fargo was the holder of a first mortgage deed to secure debt on the Mount Zion Property. Pursuant to the power of sale contained within the deed to secure debt, Wells Fargo conducted a foreclosure sale of the Property on January 2, 2007. As the highest bidder, Wells Fargo purchased the Property. Wells Fargo recorded a Deed Under Power in Troup County on January 16, 2007. CharterBank was the holder of a first mortgage deed to secure debt on the King Street Property. Pursuant to the power of sale contained within the deed to secure debt, Movant conducted a foreclosure sale of the Property on January 2, 2007. As the highest bidder, Movant purchased the Property for $27,500. Thereafter, Movant executed a Deed Under Power, which was recorded in Troup County on January 3, 2007.

On January 22, 2007, Wells Fargo filed a motion for relief from the automatic stay, seeking to proceed with a dispossessory action in the state court of Troup County. On March 1, 2007, the Debtor filed a motion to invalidate the foreclosure and to affirm the existence of the automatic stay with regard to the Mount Zion Property. The Debtor asserted that the foreclosure was not completed prior to the time the Debtor filed his bankruptcy petition. The Debtor based this position on the fact that "there was no tender of consideration (the bid amount) and no execution of a deed of foreclosure" prior to the commencement of his bankruptcy case. Following an evidentiary hearing on May 17, 2007, the Court found that Wells Fargo had executed a Deed Under Power on January 3, 2007, prior to the filing of the Debtor's bankruptcy petition on January 4, 2007. The Court, in its May 29th Order, concluded that the automatic stay should be lifted to permit Wells Fargo to proceed with its dispossessory because the Debtor's bankruptcy estate had no interest in the Mount Zion Property.

On June 13, 2007, the Debtor filed a motion for reconsideration of the May 29th Order. Because the Debtor's motion was filed more than ten days after the entry of the May 29th Order, the Court considered the Debtor's motion under the standard provided by Rule 9024 of the Federal of Bankruptcy Procedure and Rule 60(b) of the Federal Rules of Civil Procedure. In its June 22nd Order, the Court found that the Debtor had failed to establish any basis for relief under Rule 60(b) and that the Debtor was "simply seeking a second 'bite of the apple'—another opportunity to persuade the Court that its legal and factual conclusions are erroneous."

On March 23, 2007, CharterBank filed a motion for relief from the automatic stay to permit it to exercise its state law rights with regard to the King Street Property, and on May 24, 2007, the Debtor filed a motion to invalidate the foreclosure and to affirm the existence of a stay with regard to the King Street Property. In his motion, the Debtor asserted that the foreclosure should be set aside because Movant received the Property, which the Debtor scheduled with a value of $65,000, for only $27,500. The Court held a hearing on both motions on June 28, 2007, but took both matters under advisement and did not render a ruling on either motion.

On July 2, 2007, the Debtor filed a notice of appeal in which he seeks review of the May 29th Order denying his motion to invalidate the foreclosure by Wells Fargo of the Mount Zion Property and the June 22nd Order denying his motion for reconsideration of the May 29th Order. On July 3, 2007, the Debtor amended his notice of appeal to include "the denial of Motion to Invalidate Foreclosure Sales en-

tered May 29, 2007, June 28, 2007, and request for reconsideration June 22, 2007." Although the Court subsequently denied the Debtor's motion to invalidate Charter-Bank's foreclosure of the King Street Property by order date July 9, 2007, the Court entered no order and announced no ruling on June 28, 2007. The Debtor has not re-filed his notice of appeal as to the July 9th Order granting relief from the stay to CharterBank.

On July 3, 2007, the Debtor filed the instant motion in which he seeks a stay during the pendency of his appeal. Although the Debtor did not explicitly appeal the Court's decision to grant relief from the automatic stay to Wells Fargo and CharterBank, the Court presumes that the Debtor is seeking a stay of the Court's orders because they also granted relief from the automatic stay to Wells Fargo and CharterBank and, therefore, permitted them to dispossess the Debtor from their properties.

### CONCLUSIONS OF LAW

■ Pursuant to Federal Rule of Bankruptcy Procedure 8005, "the movant must clearly establish: (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest." *Tooke v. Sunshine Trust Mortgage Trust,* 149 B.R. 687, 689 (M.D.Fla.1992). "The

moving party must show satisfactory evidence on all four criteria." *In re Bilzerian,* 276 B.R. 285 (M.D.Fla.2002). After considering the Debtor's motion, the Court concludes that the Debtor has failed to establish the necessary requirements for obtaining a stay pending appeal.

■ The Court cannot find that the Debtor has made of showing of any likelihood of success on the merits. First, as it pertains to the May 29th Order, it appears that the Debtor's appeal must necessarily fail because the Debtor did not file his notice of appeal within the ten-day period required by Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. *See In re Williams,* 216 F.3d 1295 (11th Cir.2000) ("If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal."); *see also Anthony v. Office of the United States Trustee,* 2005 WL 3118130 (N.D.Ga. Nov. 22, 2005). Pursuant to Rule 8002(a), the ten-day period for filing a notice of appeal of the May 29th Order expired on June 8, 2007.[1] *See* FED. R. BANKR. P. 8002(a); *In re Williams,* 216 F.3d 1295 (11th Cir.2000) (ten-day period for filing notice of appeal runs from date the order is entered and includes intermediate weekends and legal holidays).

Although a district court has the discretion to extend the time for filing the notice of appeal after its expiration upon a showing of excusable neglect, such a request must be made by the appellant within twenty days of the expiration of the original ten-day period. *See* FED. R. BANKR. P. 8002(c)(2) ("A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for

---

1. Pursuant to Rule 8002(b), the time for filing a notice of appeal is extended upon the timely filing of a motion under Rule 7052 or Rule 9023 (ten days) or a motion for relief under Rule 9024 if filed within ten days. The Debtor's motion for reconsideration of the May

29th Order was not filed within ten days of the entry of the May 29th Order. Accordingly, the time for appealing the May 29th Order was not extended by the filing of the motion for reconsideration.

filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect."). In this case, twenty days following the expiration of the original ten-day period expired on June 28, 2007. The Debtor has not filed a motion for an extension of the time for filing his notice of appeal, and the late-filed notice of appeal cannot be construed as a motion for extension of time for filing an appeal. *See In re Williams,* 216 F.3d 1295 (11th Cir.2000).

Second, with regard to the June 22nd Order, the district court's review of this Court's denial of the Debtor's motion to reconsider the May 29th Order will be limited to whether this Court abused its discretion in denying the motion for reconsideration and will not extend to a determination of whether the Court properly denied the Debtor's motion to invalidate the foreclosure of the Mount Zion Property. *In re Cochener,* 2005 WL 1571211 (S.D.Tex. June 30, 2005). In the June 22nd Order, the Court concluded that the Debtor had failed to present any legal or factual basis for this Court to reconsider the May 29th Order. In the instant motion, the Debtor makes no showing of any kind, let alone one that would persuade the Court that it erred in reaching that conclusion.

Third, to the extent that the notice of appeal could be construed to seek review of the July 9th Order denying the Debtor's motion to invalidate the foreclosure by CharterBank, the appeal of the July 9th Order at order may also fail for untimeliness. Under Rule 8002(a), the notice of appeal shall be filed with the Clerk within 10 days of the date of the entry of judgment or order. Fed. R. Bankr. P. 8002(a). In the event a notice of appeal is filed *after* the announcement of a decision, but prior to the entry of the order or judgment, the notice of appeal is treated as filed after the entry of the order or judgment. *Id.* A premature notice of appeal that does not fit within the provision of Rule 8002(a) is ineffective. *See General Television Arts, Inc. v. Southern Ry. Co.,* 725 F.2d 1327, 1330–31 (11th Cir.1984) (discussing the identical provision in Federal Rule of Appellate Procedures Rule 4(a)(2) and noting that "[t]he rule was not intended to validate anticipatory notices of appeal filed prior to the announcement of a final judgment."); *United States v. Hansen,* 795 F.2d 35 (7th Cir.1986) (noting that a "notice of appeal filed ... before the announcement of judgment does not satisfy the condition in Rule 4(a)(2) for postponing the notice's effective date" and dismissing premature appeal because the original notice of appeal lapsed and no new notice was filed).

Here, the Debtor filed his notice of appeal prior to the announcement of any decision. Accordingly, his notice of appeal does not fit within the provision of Rule 8002(a). If his notice of appeal was not effective as to the July 9th Order, he would have been required to re-file a timely notice of appeal in order to confer jurisdiction over the appeal on the District Court. The time for doing so expired on July 19, 2007.

Even assuming the Debtor's notice of appeal is found to be effective with regard to the July 9th Order, the Debtor has similarly failed to offer the Court any basis for finding that its conclusions were erroneous. In that order, the Court found that it could not grant the relief requested by the Debtor's motion—to set aside Charter-Bank's foreclosure sale—because the Debtor had failed to file a complaint to avoid the transfer and because the Debtor lacked statutory authority to avoid the transfer. The Court also noted that the United States Supreme Court's decision in

*BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), constituted a significant hurdle to any suit (even one brought by the Chapter 13 Trustee) to avoid the transfer as a fraudulent conveyance. For these same reasons, and because the Debtor has presented no additional argument to the contrary, the Court now concludes that the Debtor's appeal of the CharterBank Order does not have a likelihood of success on the merits.

Because the Debtor has failed to demonstrate all of the factors required to obtain a stay, the Court finds that the Debtor's Motion for Stay Pending Appeal must be, and hereby is, **DENIED.**