88 F.3d 911
 35 Fed.R.Serv.3d 1015
 Allan STILLMAN, as general partner of 241 E. 76th St., Co.,
Ltd. d/b/a Fountains of Plantation, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY, a foreign corporation a/k/a
Charter Oak Fire Insurance Company, Defendant,
Charter Oak Fire Insurance Company, Defendant-Appellant,
Fountains of Plantation, Movant.
 Nos. 93-5245, 94-4113.
 United States Court of Appeals,
Eleventh Circuit.
 July 5, 1996.
 
 Ronald L. Kammer, Nancy G. Lischer, Hinshaw & Culbertson, Miami, FL, for Appellant.
 David L. Deehl, Roy D. Wasson, Miami, FL, for Appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before COX, Circuit Judge, HILL and GARZA*, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Charter Oak Fire Insurance Co. appeals the district court's grant of summary final judgment on both substantive and procedural grounds. Charter Oak contends that the district court made an error of law when it misconstrued a term in the insurance contract at issue in this case and granted summary judgment to Allan Stillman. Charter Oak also maintains, however, that the district court made a procedural error when it granted summary final judgment to Stillman, as there were other issues and defenses which should have survived and the grant of summary judgment should have been only partial. For the following reasons, we agree and dismiss this interlocutory appeal.[1]
 
 I. Background
 
 2
 Southeast Bank leased a building from Allan Stillman d/b/a Fountains of Plantations (Stillman). Pursuant to the lease, the bank was to procure insurance, naming Stillman as an additional insured. Charter Oak Fire Insurance Co. (Charter Oak) provided the insurance. The lease allowed Southeast Bank to construct improvements on the leased premises, which they did. When the improvements were completed, the bank began conducting business on the premises.
 
 
 3
 Some time later, certain bank employees sued Stillman and others for injuries allegedly sustained as a result of "high levels of contaminants" in the bank building. Southeast Bank vacated the building, and tests were conducted which revealed high levels of fungi, molds, and yeast.
 
 
 4
 Stillman claimed coverage under the insurance policy the bank had purchased from Charter Oak and filed a declaratory action to determine Charter Oak's duties under that policy. Charter Oak answered the complaint alleging seventeen affirmative defenses, including an exclusion of liability for damages caused by pollution, failure to comply with the notice requirement of the contract, and an exclusion for claims arising out of structural alterations.
 
 
 5
 Thereafter, Charter Oak moved for summary judgment on one of its defenses--the pollution exclusion clause. Stillman filed a cross-motion for summary judgment on this issue, attaching a statement of uncontested facts in support of its motion which set forth facts addressing only the pollution exclusion clause issue. The parties agreed that no facts were in dispute as to this issue, and that its resolution was solely a matter of law.
 
 
 6
 The district court, concluding that the pollution exclusion clause was ineffective, granted Stillman's motion and entered a summary final judgment, disposing of the case on the merits. Charter Oak sought relief under Rule 59(e) arguing that a final judgment was inappropriate as there remained other defenses to coverage not resolved by the cross-motions for summary judgment. Stillman moved for a declaration that Charter Oak owed it a duty to indemnify and attorneys' fees. The district court granted Stillman's motion, and denied Rule 59(e) relief to Charter Oak. This appeal ensued.
 
 II. Analysis
 
 7
 The insurance policy purchased by the bank excluded coverage for claims relating to pollution injuries. The cross-motions for summary judgment asked the district court to rule whether, under the undisputed facts of this case, this pollution exclusion clause was legally effective to excuse Charter Oaks from liability for pollution-related claims.
 
 
 8
 Stillman's motion, however, stated that if the pollution exclusion clause should be found to have no legal effect, "[c]overage exists for this claim under the policy of insurance, and Summary Final Judgment should be entered for [Stillman]." Thus counseled, the district court entered a summary final judgment for Stillman.
 
 
 9
 Charter Oak's answer to Stillman's complaint, however, raised several affirmative defenses to liability under the policy other than the pollution exclusion clause. Each of these other defenses, if proved, would defeat Stillman's claim for indemnification. None of these other defenses was briefed by the cross-motions for summary judgment, nor resolved by the grant of summary judgment.[2]
 
 
 10
 The parties themselves, in their Joint Status Report, recognized the partial nature of their cross-motions for summary judgment. In the status report, they identified three issues which had to be resolved in the case:
 
 
 11
 1. the legal effect of the pollution exclusion clause;
 
 
 12
 2. the legal effect of the structural alterations exclusion clause; and
 
 
 13
 3. whether Stillman gave timely notice to Charter Oak.
 
 
 14
 In a subsequent joint motion for a continuance of trial pending resolution of the cross-motions for summary judgment, Stillman agreed that only a summary judgment in favor of Charter Oaks holding that the pollution exclusion clause precluded coverage would effectively conclude the case. The parties stated in their motion:
 
 
 15
 If the court grants Charter Oak's Motion for Summary Judgment, the case ends. On the other hand, if the Court grants Stillman's Motion for Summary Judgment, the remaining issues to be tried will be significantly narrowed.
 
 The parties also informed the court that:
 
 16
 While no discovery was necessary to brief the legal question of whether the Contamination and Pollution Exclusion applies, discovery may be necessary to determine the applicability of other affirmative defenses raised by Charter Oak in its Answer. These defenses include whether [Stillman] is an insured under the policy and whether the claim arises out of the structural alteration, new construction or demolition operations performed by or on behalf of [Stillman]. (See Charter Oak's Seventh and Eighth Affirmative Defenses). (emphasis added)
 
 
 17
 Stillman's motion for summary judgment did not address these other defenses raised by Charter Oak, nor did it offer any evidence of undisputed facts as to these defenses, as required by Fed.R.Civ.P. 56(c),[3] which would entitle it to judgment as a matter of law. Stillman's argument that a general request for summary judgment on all issues in a case may be granted when no opposing evidentiary matter is presented is unsupported in the law. As explicitly stated in the Notes to Fed.R.Civ.P. 56(c):
 
 
 18
 The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.... Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.
 
 
 19
 Notes of Advisory Committee On Rules, 1963 Amendment. The Supreme Court has made clear that:
 
 
 20
 [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
 
 
 21
 Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (citing Rule 56(c)).
 
 
 22
 The entry of summary final judgment in this case was error. The summary judgment did not even purport to adjudicate Charter Oak's other affirmative defenses. Nor does the invalidation of an exclusionary clause establish coverage under Florida law.
 
 
 23
 This summary judgment, therefore, is only a partial summary judgment. It is in no sense a final judgment. It is not final as to all the parties or as to any party or as to the whole subject matter of the litigation. See King v. California Co., 224 F.2d 193, 196 (5th Cir.1955). Unfortunately for Stillman, "the district court's mistake does not help him because a district court mislabeling a non-final judgment 'final' does not make it so." General Television Arts, Inc. v. Southern Ry. Co., 725 F.2d 1327, 1331 (11th Cir.1984) (citing Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976).
 
 
 24
 Having determined that the summary judgment before us for review is only partial, we are required to notice that we have no jurisdiction over this appeal. A federal court's inquiry into its own jurisdiction to consider the merits of a case before it is the "first principle of federal jurisdiction." Pettinelli v. Danzig, 644 F.2d 1160, 1161 (5th Cir. Unit B 1981). The right to appeal is based upon statute, and our jurisdiction is limited by the provisions of 28 U.S.C. §§ 1291 and 1292. It is clear that the judgment before us--properly construed--does not come within the ambit of either of those statutes. See King, 224 F.2d at 196. "A partial summary judgment is not a 'final' judgment subject to appeal under 28 U.S.C. § 1291 unless the district court certifies it as final under Rule 54(b)." General Television Arts, 725 F.2d at 1331. We do not have jurisdiction over the merits of this appeal. Id.
 
 III. Conclusion
 
 25
 Having determined that there is no final disposition on the merits of all the claims and defenses presented by this case, we do not reach any other issue and hold merely that we have no jurisdiction to hear and decide this interlocutory appeal.[4] To the extent that the district court's order and judgment appears to have resolved issues other than the issue of the pollution exclusion clause defense, it is vacated and this appeal is
 
 
 26
 DISMISSED.
 
 
 
 *
 Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 This appeal has been pending for an inordinately long time. After oral argument, the parties requested that the case be referred to mediation pursuant to our court's Appellate Conference Program (11th Cir.R. 33-1). These efforts continued for many months before being declared unsuccessful in April of 1996. Whereupon, we prepared our opinion and judgment. The opinion was ready to be issued when Stillman filed a "Suggestion of Partial Mootness." We have reviewed it; it asserts happenings in the underlying state court action
 In view of our holding in this opinion, we shall not pass upon the merits of the Suggestion of Partial Mootness. We dismiss it without prejudice to its being refiled in the district court, to which this case is being returned by our judgment today.
 
 
 [2]
 Charter Oak correctly points out that under Florida law, "an exclusion does not provide coverage, but limits coverage." La Marche v. Shelby Mutual Insurance Co., 390 So.2d 325, 326 (Fla.1980). The district court's holding that the pollution exclusion clause does not shield Charter Oak from the claims made under the policy does not permit the conclusion that coverage does exist as a matter of law
 
 
 [3]
 Similarly, the district court's recitation of the undisputed facts supporting the final judgment included no facts underlying any of the other affirmative defenses raised by Charter Oak
 
 
 [4]
 No prejudice is done by our refusal to grant this interlocutory appeal. Charter Oak, of course, can now raise the merits of its other affirmative defenses. Stillman, in the district court, has narrowed the issues in the case by having won its partial summary judgment. The correctness of the district court's ruling on that clause can still be challenged on appeal if and when this case comes before this court on appeal from a final judgment. See King, 224 F.2d at 197