**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1947

DOROTHY TAYLOR BLOWE,

                Plaintiff - Appellant,

        v.

BANK OF AMERICA, NA; ELILOU NAVARRO; VERONICA GONZALES,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:07-cv-00595-RAJ-JEB)

Submitted:  February 11, 2009            Decided:  March 13, 2009

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

Dorothy Taylor Blowe, Appellant Pro Se.  Ruth L. Goodboe, MCGUIREWOODS, LLP, Norfolk, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dorothy Taylor Blowe seeks to appeal the district court's order granting the motion to dismiss filed by Bank of America, Elilou Navarro, and Veronica Velasquez[*] (collectively, "Defendants"). In her amended complaint, Blowe claimed that Defendants' actions constituted violations of: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000) ("Title VII"); (2) the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2000) ("ADEA"); (3) the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (2000) ("ADA"); and (4) the Equal Pay Act, 29 U.S.C. § 206(d) (2000) ("EPA"). Defendants subsequently filed a motion to dismiss, asserting that Blowe had failed to put forth any facts in support of her claims under Title VII or the EPA. Defendants also moved to dismiss all claims against the two individual defendants, Navarro and Velasquez, on the ground that they did not qualify as "employers" as defined under Title VII, the ADA, the ADEA, or the EPA.

While the district court granted Defendants' motion to dismiss, we conclude that its order did not constitute a final judgment as to all claims against all defendants. Notably, in

---

[*] Veronica Velasquez was erroneously identified as "Veronica Gonzales" in Blowe's complaint.

2

their motion to dismiss, Defendants did not contend that the ADA or the ADEA claims against Bank of America should be dismissed. In its opinion and order granting Defendants' motion to dismiss, the district court likewise made no ruling on Blowe's claims against Bank of America under the ADA or the ADEA. Nevertheless, following the district court's order granting Defendants' motion to dismiss, the Clerk entered judgment and removed the case from the active docket, deeming it to be closed.

On appeal, Defendants concede that their motion to dismiss did not address Blowe's claims against Bank of America under the ADA or the ADEA. In spite of this fact, Defendants contend that because the district court entered judgment and removed the matter from its active docket, Fed. R. Civ. P. 54(b) provides this court with jurisdiction to consider the claims raised in Blowe's appeal. However, this assertion is meritless. While an order that dismisses less than all parties and claims is generally not considered to be final, Rule 54(b) provides that an order is immediately appealable if the district court: "(1) expressly directs entry of judgment as to those claims or parties; and (2) expressly determines that there is no just reason for delay." Baird v. Palmer, 114 F.3d 39, 42 (4th Cir. 1997). In the present case, while the district court granted the motion to dismiss as to specific claims and parties, the

3

court made no express determination that there was no just reason to delay entry of judgment as to the issues and parties that were the subject of its ruling. Accordingly, because the district court did not certify its order under Rule 54(b), it provides no basis for jurisdiction over this appeal.

In light of the fact that the order granting Defendants' motion to dismiss does not constitute a final decision of the district court, it does not qualify for review under 28 U.S.C. § 1291 (2006), nor does it fall within any of the interlocutory categories enumerated under 28 U.S.C. § 1292(a) (2006). See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). Furthermore, the district court has not certified its order for immediate review pursuant to 28 U.S.C. § 1292(b) (2006). Finally, the order is not appealable under the collateral order exception to the final judgment rule. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376 (1981).

Accordingly, because the order Blowe seeks to appeal is neither a final order nor an appealable interlocutory or collateral order, we dismiss the appeal for lack of jurisdiction and remand the case to the district court with instructions to vacate the Clerk's entry of judgment, reopen the case, and commence further proceedings. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED AND REMANDED