<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-2390**

─────────────

C.H., by and through her Parents and Guardians Daryl Lewis
Hardwick and Priscilla Lea Hardwick,

  Plaintiff – Appellant,

  v.

MARTHA HEYWARD, in her individual capacity and in her
official capacity as Principal of Latta Middle School;
GEORGE H. LIEBENROOD, JR., in his individual capacity and
in his official capacity as Principal of Latta High School;
BOARD OF TRUSTEES OF LATTA SCHOOL DISTRICT DILLON COUNTY
NO. 3,

  Defendants – Appellees.

─────────────────────────────────────

NATIONAL SCHOOL BOARDS ASSOCIATION; SOUTH CAROLINA SCHOOL
BOARDS ASSOCIATION,

  Amici Supporting Appellees.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cv-01042-TLW)

─────────────

Argued: October 27, 2010        Decided: December 10, 2010

─────────────

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

─────────────

Dismissed and remanded by unpublished per curiam opinion.

─────────────

**ARGUED:** Kirk David Lyons, SOUTHERN LEGAL RESOURCE CENTER, INCORPORATED, Black Mountain, North Carolina, for Appellant. Vinton D. Lide, LIDE & PAULEY, LLC, Lexington, South Carolina, for Appellees. **ON BRIEF:** Michael S. Pauley, LIDE & PAULEY, LLC, Lexington, South Carolina; Vernie L. Williams, CHILDS & HALLIGAN, Columbia, South Carolina, for Appellees. Francisco M. Negrón, Jr., General Counsel, Lisa E. Soronen, Nancy Dinsmore, NATIONAL SCHOOL BOARDS ASSOCIATION, Alexandria, Virginia; Scott Price, General Counsel, SOUTH CAROLINA SCHOOL BOARDS ASSOCIATION, Columbia, South Carolina, for Amici Supporting Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

C.H., by and through her parents and guardians, appeals the summary judgment entered against her on her civil rights claims. For the following reason, we dismiss the appeal and remand the case to the district court for further proceedings.

C.H. brought this action for damages and injunctive relief asserting that the defendants violated several of her federal and state constitutional rights by prohibiting her from wearing to school clothing that they determined was in violation of the schools' dress codes.[1] Among her claims, she contends that the defendants violated her First Amendment right to free speech by prohibiting her from wearing clothing that (1) displayed the confederate flag and (2) protested the dress codes (the "protest clothing").

The defendants moved for summary judgment on C.H.'s claims to the extent they involve the confederate flag clothing. The district court entered summary judgment in their favor, holding that they did not violate any of C.H.'s constitutional rights by prohibiting her from wearing confederate flag clothing. Hardwick v. Heyward, 674 F.Supp.2d 735 (D.S.C. 2009). Noting

---

[1] C.H. sued Martha Heyward, in her individual capacity and official capacity as Principal of Latta Middle School; George H. Liebenrood, Jr., in his individual capacity and official capacity as Principal of Latta High School; and the Board of Trustees of Latta School District (Dillon County No. 3).

3

that the defendants had agreed during the pendency of the litigation to permit C.H. to wear the protest clothing, the court stated in its summary judgment order that the protest clothing was "not in dispute" and "not before the Court at this time." Id. at 729 n.3. Because the defendants did not move for summary judgment as to C.H.'s First Amendment claim for damages involving the protest clothing, the court never resolved that claim.[2]

On appeal, C.H. argues that the district court erred in granting summary judgment against her on claims involving confederate flag clothing. She also contends that we must vacate the summary judgment and remand this case in any event because the court did not address her First Amendment damages claim insofar as it relates to the protest clothing.[3] In their brief, the defendants address C.H.'s arguments concerning the confederate flag clothing, but they inexplicably do not address her argument that the case must be remanded for the court to consider her First Amendment damages claim involving the protest clothing.

---

[2] It is unclear whether any of C.H.'s other causes of action involve the protest clothing. However, that issue is immaterial for our purposes and is a matter the district court may consider on remand.

[3] Notably, C.H. did not alert the district court of this fact.

Although the parties have not questioned our jurisdiction, we have "an obligation to verify the existence of appellate jurisdiction before considering the merits of an appeal." Palmer v. City Nat'l Bk., of W.Va., 498 F.3d 236, 240 (4th Cir. 2007), cert. denied sub nom. City Nat. Bk. of W.Va. v. Dept. of Agric., Farm Serv. Agency, 553 U.S. 1053 (2008). "With few narrow exceptions" that are not present here, "our jurisdiction extends only to 'appeals from . . . final decisions of the district courts of the United States.'" United States v. Myers, 593 F.3d 338, 344 (4th Cir. 2010) (quoting 28 U.S.C. § 1291).

A "final decision" is one that "fully resolve[s] all claims presented to the district court" and leaves "nothing further for the district court to do." Aluminum Co. of Am. v. Beazer East, Inc., 124 F.3d 551, 557 (3d Cir. 1997). In considering whether a decision is "final" under § 1291, "the label used to describe the judicial demand is not controlling, meaning we analyze the substance of the district court's decision, not its label or form." Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir. 2003) (citation omitted and internal punctuation modified). "[W]hen the record clearly indicates that the district court failed to adjudicate the rights and liabilities of all parties, the order is not and cannot be presumed to be final, irrespective of the district court's intent." Witherspoon v. White, 111 F.3d 399, 402 (5th Cir. 1997).

In Stillman v. Travelers Ins. Co., 88 F.3d 911 (11th Cir. 1996), the Eleventh Circuit was presented with a situation similar to this appeal.  There, the appellant contended that the district court procedurally erred by granting summary final judgment to the appellee because "there were other issues and defenses which should have survived and the grant of summary judgment should have been only partial."  Id. at 912.  The Eleventh Circuit found that the entry of summary final judgment was in fact error because it did not adjudicate all of the issues in the case.  The Eleventh Circuit explained:

> This summary judgment, therefore, is only a partial summary judgment.  It is in no sense a final judgment. It is not final as to all the parties or as to any party or as to the whole subject matter of the litigation.  Unfortunately for [the appellee], the district court's mistake does not help him because a district court mislabeling a non-final judgment 'final' does not make it so.

Id. at 914 (citations omitted and internal punctuation modified).  Under those circumstances, the Eleventh Circuit dismissed the appeal for lack of appellate jurisdiction.[4]

---

[4] Recently, a panel of this Court reached a similar determination.  See Blowe v. Bank of Am., 316 Fed. Appx. 283 (4th Cir. 2009).  In Blowe, the district court granted the defendants' motion to dismiss certain claims but did not rule on the plaintiff's other claims.  Nonetheless, after entering its dismissal order, the court "entered judgment and removed the case from the active docket, deeming it to be closed."  Id. at 285.  We concluded that the order "did not constitute a final judgment as to all claims against all defendants," id. at 284, and it therefore did not "qualify for review" under § 1291, id. (Continued)

6

We conclude that a similar disposition is compelled here. Although the district court granted summary judgment on C.H.'s confederate flag clothing claims, it has not yet ruled (or been asked to rule) on her protest clothing First Amendment damages claim. Because that claim (at a minimum) remains viable, the court actually granted partial summary judgment, and an order that grants partial summary judgment "is interlocutory in nature." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003).

Accordingly, we dismiss this appeal and remand the case to the district court with instructions for that court to commence further proceedings consistent with this opinion.

DISMISSED AND REMANDED

---

at 285. Accordingly, we dismissed the appeal for lack of jurisdiction and remanded the case "with instructions to vacate the Clerk's entry of judgment, reopen the case, and commence further proceedings." Id.; see also Gen. Constr. Co. v. Hering Realty Co., 312 F.2d 538, 540 (4th Cir. 1963) ("The result is that this court is now asked to review an order of the District Court which rendered a final judgment on a part of the claim of the Construction Company against the Realty Company but failed to consider and render judgment on the remainder of the claim. . . . Until both parts of the claim are adjudicated, there is no final judgment, and the appeal is premature.").