UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1702

JUSTIN SHERILL KELLY,

Plaintiff – Appellant,

v.

SARAH H. CONNER; NORTH CAROLINA PRIVATE PROTECTION SERVICES
BOARD; MICHAEL FORD; WILLIAM MURRAY; GILBERTO NARVAEZ; JASON
KERL; ERIC MICKLEY; RODNEY MONROE; CITY OF CHARLOTTE; JAMES
KEVIN GALYAN,

Defendants – Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  David S. Cayer,
Magistrate Judge.  (3:13-cv-00636-DSC)

Argued: October 25, 2016              Decided: November 29, 2016

Before SHEDD, DUNCAN, and FLOYD, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

**ARGUED**: Cynthia Earline Everson, EVERSON LAW FIRM, PLLC,
Gastonia, North Carolina, for Appellant.  Jeffrey P. Gray,
BAILEY & DIXON, Raleigh, North Carolina; Robert Dennis
McDonnell, Charlotte, North Carolina, for Appellees.  **ON BRIEF**:
Lauren Tally Earnhardt, NORTH CAROLINA DEPARTMENT OF JUSTICE,
Raleigh, North Carolina, Harold Franklin Askins, OFFICE OF THE
ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for
Appellee Sarah H. Conner; Richard Harcourt Fulton, OFFICE OF THE
CITY ATTORNEY, Charlotte, North Carolina, for Appellee City of

Charlotte; Mark H. Newbold, Charlotte, North Carolina, for Appellees Michael Ford, William Murray, Gilberto Narvaez, Jason Kerl, and Eric Mickley.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Officers from the Charlotte-Mecklenburg Police Department arrested Justin Kelly on two occasions in 2011 for violating North Carolina's Private Protective Services Act (PPSA), N.C. Gen. Stat. § 74C-13(a). Kelly brought this action against those officers, the Private Protective Services Board (PPSB), and other related defendants (collectively the Defendants), raising claims under both federal and state law. Relevant here, in Counts 11 and 12 Kelly sought a declaratory judgment under North Carolina law that the PPSA did not apply to him (Count 11) and that he had a right to possess firearms (Count 12).

Following discovery, the Defendants filed motions for summary judgment. Kelly filed a cross motion for partial summary judgment limited to Counts 11 and 12. The district court granted judgment in favor of the Defendants.

Regarding Kelly's motion for partial summary judgment, the district court did not discuss the declaratory judgments sought in Counts 11 and 12. Instead, the court explained that Kelly sought "declaratory . . . relief claiming the Defendants' application of the [PPSA] violated his rights under the Due Process and Equal Protection clauses."* (J.A. 1035). The court

---

* Counts 9 and 13 contained allegations that the PPSA violated Kelly's constitutional rights.

3

then concluded that the PPSA did not violate those rights and that "[f]or these reasons, Plaintiff's Motion for Summary Judgment as to his Fourteenth Amendment claims is denied." (J.A. 1035) (emphasis in original). Kelly timely appealed.

Even if the parties have not questioned our jurisdiction, we have an independent obligation to establish it before proceeding to the merits of an appeal. See Porter v. Zook, 803 F.3d 694, 696 (4th Cir. 2015). "With few narrow exceptions," none of which applies here, "our jurisdiction extends only to 'appeals from . . . final decisions of the district courts of the United States.'" United States v. Myers, 593 F.3d 338, 344 (4th Cir. 2010) (quoting 28 U.S.C. § 1291). A decision from the district court is "final" if "it has resolved all claims as to all parties." Fox v. Baltimore City Police Dep't, 201 F.3d 526, 530 (4th Cir. 2000). We make that assessment by looking at the "substance" of the district court's decision, "not form." Porter, 803 F.3d at 696. Thus, "[r]egardless of the label given a district court decision, if it appears from the record that the district court has not adjudicated all of the issues in a case, then there is no final order." Id.

In Porter, the habeas petitioner raised "two related but distinct claims" for juror bias. Id. at 697. The district court recognized and ruled upon one of the claims but not the other. As we explained, the court "dismissed Porter's petition without

4

ruling on or seeking to recognize" the second claim, and "never passes on a central component of that claim." Id. at 698-99. In those circumstances, the court's failure meant that "it never issued a final decision on Porter's habeas petition" and, consequently, meant that we lacked jurisdiction over the appeal. Id. at 699.

We conclude that a similar result is required here. The district court denied Kelly's motion for partial summary judgment, but it did so "without ruling on or seeking to recognize" the relief requested by Counts 11 and 12, and it "never passe[d]" on the "central component" of those claims. The fact that the court "mislabel[ed] a non-final judgment 'final' does not make it so." Stillman v. Travelers Ins. Co., 88 F.3d 911, 914 (11th Cir. 1996) (internal quotation marks omitted).

Accordingly, because the district court did not rule on Counts 11 and 12, it "actually granted partial summary judgment, and an order that grants partial summary judgment 'is interlocutory in nature.'" C.H. ex rel. Hardwick v. Heyward, 404 Fed. App'x 765, 768 (4th Cir. 2010) (quoting American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003)). We therefore dismiss Kelly's appeal and remand the case for further proceedings.

DISMISSED AND REMANDED

5